1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERECK RONALDO SANCHEZ FUNES,<br><br>　　　　　　　　　　Petitioner,<br><br>v.<br><br>WARDEN, IMPERIAL REGIONAL ADULT DET. FACILITY, et al.,<br><br>　　　　　　　　　　Respondents. | Case No.: 3:26-cv-00189-RBM-DDL<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORUPUS**<br><br>**[Doc. 1]** |

　　　　Pending before the Court is Petitioner Dereck Ronaldo Sanchez Funes's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241. (Doc. 1.) Petitioner claims he is being detained at the Imperial Regional Detention Facility in violation of the Fifth Amendment's Due Process Clause, the Immigration and Nationality Act ("INA"), and 8 U.S.C. § 1226(a). (*Id*. ¶¶ 13, 62–73.)[1] For the reasons set forth below, the Petition (Doc. 1) is **GRANTED**.

---

[1] The Court cites the paragraph numbers of the Petition and the CM/ECF electronic pagination for all other filings.

1

## I. BACKGROUND

On March 18, 2013, Petitioner, a national and citizen of Guatemala, entered the United States as an unaccompanied alien child ("UAC") pursuant to 8 U.S.C. § 1232. (*Id.* ¶¶ 4, 50; Doc. 5 at 1.) He was apprehended and placed in a group home. (Doc. 1 ¶ 50.) Petitioner was then transferred from the custody of the Department of Homeland Security ("DHS") to the custody of the Department of Health and Human Services ("HHS"), Office of Refugee Resettlement ("ORR"). (Doc. 5 at 1.) Pursuant to 6 U.S.C. § 279, Petitioner was released from custody on April 17, 2013, into the care of his father subject to certain conditions of release. (Doc. 1, Ex. D at 33.)

On December 15, 2025, Petitioner was re-detained by ICE while working as a truck driver. (*Id.* ¶ 52.) He was placed in removal proceedings pursuant to 8 U.S.C. § 1229 and charged as inadmissible under INA § 212(a)(6)(A)(i) as a noncitizen present in the United States without being admitted or paroled and under § 212(a)(7)(A)(i)(I) as an immigrant not in possession of a valid entry document. (*Id.*, Ex. C at 31.) Petitioner's removal proceedings remain pending. (*Id.* ¶ 52.)

Petitioner requested a custody redetermination hearing and on January 7, 2026, an immigration judge denied Petitioner bond based on a lack of jurisdiction. (*Id.* ¶¶ 6, 53; *see id.*, Ex. B at 25 (citing *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025)).) The immigration judge alternatively found that, should she have jurisdiction, Petitioner should be released from custody on bond in the amount of $2,000 and subject to several other conditions. (*Id.*, Ex. B at 25.)

## II. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit

judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

### III. DISCUSSION

Respondents concede that Petitioner, as a member of the Bond Eligible Class certified in *Bautista v. Santacruz*, — F. Supp. 3d —, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025), is detained under 8 U.S.C. § 1226(a) and therefore entitled to a bond hearing. (Doc. 4 at 2.) Because the Parties agree that Petitioner is detained under § 1226, the Court **GRANTS** the Petition.

However, Petitioner argues that "[t]he appropriate remedy should be Petitioner's immediate release." (Doc. 5 at 2.) The Court agrees. As the Court has reasoned in nearly identical circumstances:

> Petitioner has been in immigration custody since [the bond hearing], which means that circumstances have not changed such that the immigration judge's finding should be called into question. Particularly given Respondents' "weighty" interest in the "efficient administration of the immigration laws," *Landon v. Plasencia*, 459 U.S. 21, 34 (1982), it does not make sense to require Respondents to set a new bond hearing before a potentially new immigration judge just to duplicate the same efforts taken at the [December 31], 2025 hearing. Nor would this remedy prejudice Respondents. First, they have not contested the immigration judge's findings or argued that Petitioner poses a flight risk or danger to the community. Second, should Respondents wish to make those arguments, they may do so by appealing the immigration judge's decision to the Board of Immigration Appeals. *See* 8 C.F.R. §§ 1003.19(f), 1003.38(a); *Bui v. Holder*, No. 1:15-cv-0-636-JLT, 2015 WL 3903764, at *3 (E.D. Cal. June 25, 2015) (noting that these "regulation[s] demonstrate[ ] a clearly-established administrative scheme designed to address custodial determinations, a practice that includes an appeals process").

*Ruiz v. Noem*, Case No.: 3:25-cv-03536-RBM-BJW, 2025 WL 3719888, at *2 (S.D. Cal. Dec. 23, 2025). The Court applies this reasoning here and finds that immediate release, rather than requiring another bond hearing, is the appropriate remedy.

## IV.   CONCLUSION[2]

Based on the foregoing reasons, the Petition (Doc. 1) is **GRANTED**.  Respondents are hereby **ORDERED** to immediately release Petitioner from custody, subject to a $2,000 bond and the conditions of release set forth in the immigration judge's alternative findings. (*See* Doc. 1, Ex. B at 25.)

**IT IS SO ORDERED**.

DATE:  January 29, 2026

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

---

[2] In light of the disposition herein, the Court declines to address the Petition's remaining grounds for relief.